Case 4:20-cv-01454   Document 11   Filed on 06/17/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COURTNEY COX, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. H-20-1454 |
| J.B. HUNT TRANSPORT, INC., *et al.*, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND OPINION**

On April 10, 2020, Kendrick Cox was in his vehicle, parked on the side of a freeway. A tractor-trailer struck his vehicle, killing him. (Docket Entry No. 1-2 at 9). Courtney and Jacqueline Cox, individually and on behalf of the estate, sued Cory Munson, the driver of the tractor-trailer, as well as Amazon Logistics, Inc., and J.B. Hunt, Inc., the alleged owners and operators of the tractor-trailer, asserting state-law causes of action.

The Coxes filed suit in Harris County Court on April 16, 2020. (*Id.* at 6). Before any of the defendants were served,[1] J.B. Hunt removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441. (Docket Entry No. 1). The Coxes now move to remand, arguing that this court does not have subject-matter jurisdiction because the parties are not completely diverse. (Docket Entry No. 6). As alleged in the state-court petition, the Coxes are Texas citizens, Munson is a Texas citizen, and Amazon and J.B. Hunt are foreign-for-profit corporations. (Docket Entry No. 1-2 at 7). J.B. Hunt responds that because Munson had not been

---

[1] J.B. Hunt alleged in its notice of removal that it had not yet been served. (*See* Docket Entry No. 1 at 3). The Coxes allege that J.B. Hunt was served on April 21, 2020, two days before removal. (Docket Entry No. 6 at 2).

served when it removed the case, diversity jurisdiction existed and removal was proper. (Docket Entry No. 7).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (internal quotation omitted). "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The "time-of-filing rule" applies, making jurisdiction "depend[] upon the state of things at the time of the action brought." *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)). The district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. At the time of filing, the Coxes had named Munson, a Texas citizen, and alleged claims against him, but had not served him. J.B. Hunt does not argue that Munson was improperly joined or that he should be dismissed from this case.

J.B. Hunt relies on a recent Fifth Circuit decision, *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020), approving of "snap removal"—removal before an instate defendant has been served—to overcome the forum-defendant bar to removal. J.B. Hunt asks us to extend snap removal to overcome not only the forum-defendant bar, but incomplete diversity as well. But in *Texas Brine*, the Fifth Circuit made

clear that the forum-defendant rule is only "a procedural rule and not a jurisdictional rule." 955 F.3d at 485. In that case, because the parties were completely diverse, there was "no jurisdictional defect under 28 U.S.C. § 1332(a)." *Id.* As the court explained, "[a] non-forum defendant may remove an *otherwise removable* case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* (emphasis added). *Texas Brine* does not do what J.B. Hunt asks of this court.

J.B. Hunt cites a number of other cases approving of snap removal, but these cases also involve completely diverse parties. *See Perez v. ZTE (USA), Inc.*, No. 3:18-cv-2948-B, 2019 WL 1429654, at *3 (N.D. Tex. Mar. 29, 2019); *Superior Home Health Servs. LLC v. Phil. Ins. Co.*, No. 1:17-cv-00195, 2017 WL 11238061, at *4 (S.D. Tex. Nov. 28, 2017); *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-cv-2043-B, 2015 WL 6322625, at *7 (N.D. Tex. Oct. 20, 2015). They do not support J.B. Hunt's argument. As another district court has explained,

> Snap removals can occur only in removal cases based solely on diversity jurisdiction where complete diversity exists. First, snap removals occur only in diversity based removal cases because snap removals are procedurally relevant only when the forum-defendant rule applies, and the forum-defendant rule does not apply to non-diversity based removals. *See* 28 U.S.C. §§ 1441(a)–(b)(2). Second, complete diversity must exist in snap removal cases; otherwise, courts would simply remand for lack of subject matter jurisdiction.

*Breitweiser*, 2015 WL 6322625, at *2 n.6. Other courts have reached similar outcomes. *See Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 286 n.5 (S.D. Tex. 2008) (collecting cases). To find otherwise would expand the court's jurisdiction beyond its statutory limits and provide a loophole for defendants to remove cases that are properly before the state court.

The forum-defendant rule applies only to defendants that have been "properly joined and served," 28 U.S.C. § 1441(b)(2); there is no similar limiting language in the statute requiring

diversity of citizenship. *See* 28 U.S.C. § 1332. At the time of filing, diversity jurisdiction did not exist because Munson and the Coxes are all Texas citizens.

J.B. Hunt also cites *Putnam v. Coleman*, No. 4:18-cv-0765, 2018 WL 4103233 (S.D. Tex. May 31, 2008), in which the court denied remand when the only non-diverse defendant had not been served when the diverse defendants removed. That case is not binding, and because it is contrary to the recent case law holding that snap removal may only occur in "an otherwise removable case," it is not persuasive.

The Coxes' motion to remand, (Docket Entry No. 6), is granted for lack of subject-matter jurisdiction. This case is remanded to the 334th Judicial District of Harris County, Texas.

SIGNED on June 17, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge